IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § v. § § ROBERT STEVEN POWELL, § § Defendant. § § | Civil No. 5:18-cv-00616 |

## UNITED STATES OF AMERICA'S COMPLAINT

The United States of America, by and through undersigned counsel, complains and alleges as follows:

## GENERAL ALLEGATIONS

1. The United States brings this action to reduce to judgment federal tax assessments made against Robert Seven Powell, plus statutory additions of penalties and interest.

2. The United States brings this action pursuant to 26 U.S.C. §§ 7401 and 7402 at the direction of the Attorney General of the United States and with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

3. This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7401, 7402, and 28 U.S.C. §§ 1340 and 1345.

4. Venue of this action properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and 1396.

## THE PARTIES

5.     Plaintiff is the United States of America.

6.     Defendant, Robert Steven Powell ("Defendant Powell") owes tax liabilities at issue in this action and can be served in San Antonio, Texas.

## THE TAX LIABILITIES

7.     For the taxable years 1999, 2000, 2001, and 2002, Defendant Powell failed or refused to file a federal income tax return. For each of these years, the Internal Revenue Service determined Defendant Powell's income tax liabilities and issued notices of deficiency pursuant to 26 U.S.C. § 6212(a).

8.     Defendant Powell did not file a petition to challenge the notices of deficiency he received for the 1999, 2000, 2001, and 2002 tax years. Therefore, pursuant to 26 U.S.C. § 6201(a), a delegate of the Secretary of the Treasury assessed income tax penalties and interest against Robert Steven Powell for these years on the dates in the amounts listed below.

| Type of Tax | Tax Period | Date Of Assessment | Amount Due Through July 2, 2018 |
|---|---|---|---|
| 1040 | 1999 | 7/19/2004 | $227,859.63 |
| 1040 | 2000 | 10/11/2004 | $79,633.22 |
| 1040 | 2001 | 10/11/2004 | $136,843.31 |
| 1040 | 2002 | 10/11/2004 | $205,832.31 |
| Civil Penalty | 1999 | 2/8/2010<br>11/7/2011<br>12/5/2011 | $49,880.02 |
| TOTAL: | | | $700,048.49 |

Case 5:18-cv-00616 Document 1 Filed 06/20/18 Page 3 of 8

9. In response to an October 12, 2005 Final Notice of Intent to Levy with respect to the 1999 – 2002 tax years, Defendant Powell requested a collection due process hearing. Later, Defendant Powell filed a petition with the United States Tax Court challenging the Internal Revenue Service's adverse notice of determination, which sustained the proposed levy concerning his taxable income during 1999, 2000, 2001 and 2002 tax years. *See Powell v. Comm'r*, T.C. Memo. 2009-174 (U.S. Tax Ct. July 21, 2009). In this proceeding, Defendant Powell repeatedly raised frivolous and groundless arguments, as he had in the past with his dealings with IRS officers. Respondent Commissioner of the Internal Revenue Service moved for summary judgment and to impose a penalty under 26 U.S.C. § 6673. The Court granted Respondent's motion and imposed a civil penalty of $25,000 against Defendant Powell. The civil penalty balance was $25,520.00 as of October 21, 2011.

10. In 2011, an additional $8,000 civil penalty was assessed against Defendant Powell for tax year 1999 pursuant to 26 U.S.C. § 6673(b). This penalty was assessed in connection with the United States Court of Appeals for the Sixth Circuit (Case No. 09-2417) imposing sanctions against Defendant Powell. Later in 2011, the IRS also assessed a $5,000 civil penalty against Defendant Powell for tax year 1999 pursuant to 26 U.S.C. § 6702(b) for his filing of a frivolous collection due process hearing request.

11. A delegate of the Secretary of the Treasury gave Defendant Powell notice of assessments and demands for payment of the liabilities described above in paragraphs 8, 9, and 10.

12. Despite notice of assessments and demands for payment, Defendant Powell has failed to pay fully the taxes, penalties, interest, and fees assessed against him. As a result, Defendant owes the United States $700,048.49 as of July 2, 2018, for the assessed liabilities

described in paragraphs 8, 9, and 10 of this Complaint, less any payments or credits since that date. Fees, penalties and interest provided for by law have accrued since July 2, 2018, and will continue to accrue until the liabilities are paid in full.

## CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS

13. For the reasons stated in paragraphs 7-11, the United States seeks a judgment against Defendant Powell in the amount of $650,168.47, plus interest and statutory additions from July 2, 2018, for unpaid federal income tax (1040), and $49,880.02, plus interest and statutory additions from July 2, 2018, for a civil penalty imposed under 26 U.S.C. § 6673.

## AFFIRMATIVE ALLEGATIONS THAT THE STATUTE OF LIMITATIONS FOR COLLECTION HAS NOT EXPIRED

### For Tax Period 1999

14. I.R.C. § 6502(a) provides that the statute of limitations for collection expires ten (10) years after the date of assessment. On July 19, 2004, the Internal Revenue Service (IRS) made assessments against Defendant Powell for his unpaid income taxes for tax period 1999. The ten-year statute of limitations period for collection of the assessment for tax period 1999 would have expired on July 19, 2014, absent tolling of the statute. Thus, without any extensions or suspensions, the earliest the normal statute of limitations for collection would have expired on July 19, 2014.

15. However, under 26 U.S.C. § 6503(a)(1), the statute of limitations for collection is suspended anytime the IRS is unable to collect the tax by levy or proceeding in Court. Pursuant to 26 U.S.C. § 6330(e)(1), if a hearing is requested once the IRS issues a Notice of Intent to Levy, the levy actions that are the subject of the requested hearing, and the running of the statute of limitations to collect, are suspended for the period during which the hearing, and appeals therein, are pending. The statute also states that the period of suspension shall not expire before

the 90th day after the date on which there is a final determination in such hearing. 26 U.S.C. § 6330(e)(1).

16. On October 12, 2005, the IRS sent to Defendant Powell a Final Notice of Intent to Levy. In response, Defendant Powell submitted a request for a Collection Due Process Hearing to the IRS, which the IRS received on November 15, 2005. On August 11, 2006, the IRS issued its Notice of Determination in which it sustained its proposed levy. Defendant Powell filed his petition with the United States Tax Court on September 11, 2006, seeking relief from the Notice of Determination. On July 28, 2009, the United States Tax Court entered its Order and Decision, finding that the IRS was allowed to proceed with the collection actions for 1999 through 2002, and the civil penalty for 2003, as set forth in the Notices of Determination issued to Defendant Powell on August 11, 2006. The IRS was unable collect the tax by levy or proceeding in Court from Defendant Powell from November 15, 2005, until July 28, 2009. Therefore the IRS was unable to collect for a period of 1,351 days.

17. Accordingly, Defendant Powell's request for a Collection Due Process Hearing, and proceeding in Tax Court, extended the statute of limitations for collection for income taxes for tax period 1999 by 1,351 days, plus 90 days pursuant to 26 U.S.C. § 6330(e)(1).

18. Thus, the statute of limitations for collection regarding tax period 1999 income tax assessments against Defendant Powell will not expire until at least June 24, 2018. This date is calculated as follows:

| | |
|---|---|
| Original assessment: | July 19, 2004 |
| plus 10 years on original collection statute: | July 19, 2014 |
| plus 1,351 due to Collection Due Process Hearing | March 26, 2018 |
| plus 90 days pursuant to 26 U.S.C. § 6330(e)(1) | June 24, 2018 |

19. Accordingly, the statute of limitations for collection for the income taxes owed for tax period 1999 at issue has not run.

**For Tax Periods 2000, 2001, and 2002**

20. I.R.C. § 6502(a) provides that the statute of limitations for collection expires ten (10) years after the date of assessment. On October 11, 2004, the Internal Revenue Service (IRS) made assessments against Defendant Powell for his unpaid income taxes for tax periods 2000, 2001, and 2002. The ten-year statute of limitations period for collection of the assessment for tax periods 2000, 2001, and 2002, would have expired on October 11, 2014, absent tolling of the statute. Thus, without any extensions or suspensions, the earliest the normal statute of limitations for collection would have expired on October 11, 2014.

21. However, under 26 U.S.C. § 6503(a)(1), the statute of limitations for collection is suspended anytime the IRS is unable to collect the tax by levy or proceeding in Court. Pursuant to 26 U.S.C. § 6330(e)(1), if a hearing is requested once the IRS issues a Notice of Intent to Levy, the levy actions that are the subject of the requested hearing, and the running of the statute of limitations to collect, are suspended for the period during which the hearing, and appeals therein, are pending. The statute also states that the period of suspension shall not expire before the 90th day after the date on which there is a final determination in such hearing. 26 U.S.C. § 6330(e)(1).

22. On October 12, 2005, the IRS sent to Defendant Powell a Final Notice of Intent to Levy. In response, Defendant Powell submitted a request for a Collection Due Process Hearing to the IRS, which the IRS received on November 15, 2005. On August 11, 2006, the IRS issued its Notice of Determination in which it sustained its proposed levy. Defendant Powell filed his petition with the United States Tax Court on September 11, 2006, seeking relief from the Notice of Determination. On July 28, 2009, the United States Tax Court entered its Order and Decision, finding that the IRS was allowed to proceed with the collection actions for 1999 through 2002,

and the civil penalty for 2003, as set forth in the Notices of Determination issued to Defendant Powell on August 11, 2006. The IRS was unable collect the tax by levy or proceeding in Court from Defendant Powell from November 15, 2005, until July 28, 2009. Therefore the IRS was unable to collect for a period of 1,351 days.

23. Accordingly, Defendant Powell's request for a Collection Due Process Hearing, and proceeding in Tax Court, extended the statute of limitations for collection for income taxes for tax periods 2000, 2001, and 2002 by 1,351 days, plus 90 days pursuant to 26 U.S.C. § 6330(e)(1).

24. Thus, the statute of limitations for collection regarding tax periods 2000, 2001, and 2002 income tax assessments against Defendant Powell will not expire until at least September 11, 2018. This date is calculated as follows:

| | |
|---|---|
| Original assessment: | October 11, 2004 |
| plus 10 years on original collection statute: | October 11, 2014 |
| plus 1,351 due to Collection Due Process Hearing | June 23, 2018 |
| plus 90 days pursuant to 26 U.S.C. § 6330(e)(1) | September 11, 2018 |

Accordingly, the statute of limitations for collection for the income taxes owed for tax periods 2000, 2001, and 2002 at issue has not run.

FOR THESE REASONS, the United States requests that the Court order,

A. That Robert Steven Powell is indebted to the United States in the amount of $650,168.47, as of July 2, 2018, for unpaid federal income (1040) tax, plus penalties, statutory additions, and interest from that date, less any payments received for tax years 1999 - 2002;

B. That Robert Steven Powell is indebted to the United States in the amount of $49,880.02, as of July 2, 2018, for an unpaid civil penalty assessment imposed pursuant to 26 U.S.C. § 6673;

C.   That the United States have such further relief as this Court may deem just and proper, including its costs herein.

> JOHN F. BASH
> United States Attorney
>
> /s/ Moha P. Yepuri
>
> MOHA P. YEPURI
> Attorney, Tax Division
> Texas State Bar No. 24046651
> U.S. Department of Justice
> 717 N. Harwood St., Suite 400
> Dallas, Texas 75201
> (214) 880-9767
> (214) 880-9741 (Facsimile)
> Attorney for United States
> Moha.P.Yepuri@usdoj.gov
>
> ATTORNEYS FOR THE UNITED STATES

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America,

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Moha P. Yepuri, US Department of Justice, Tax Division
717 N. Harwood St., Suite 400
Dallas, Texas 75201         (214) 880-9767

## DEFENDANTS
Robert Steven Powell,

County of Residence of First Listed Defendant   Bexar
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. §§ 7401 and 7402
Brief description of cause:
The United States is seeking to reduce tax assessments to judgment.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 700,048.49
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  F. Biery
DOCKET NUMBER  5:17-cr-00243-FB

DATE  06/20/2018
SIGNATURE OF ATTORNEY OF RECORD  /s/ Moha P. Yepuri

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.