IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | SA-18-CV-00616-FB |
| | § | |
| vs. | § | |
| | § | |
| ROBERT STEVEN POWELL, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Motion for Partial Summary Judgment [#46] and Defendant's Motion for Partial Summary Judgment [#47]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#43]. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In evaluating the merits of the parties' motions, the undersigned has also considered their various responses and replies [#52, #54, #55, #56]. For the reasons set forth below, the undersigned recommends that Plaintiff's motion be granted and Defendant's motion be denied.

## I. Background

The United States of America ("the Government") filed this lawsuit against Defendant Powell on June 20, 2018, to reduce to judgment assessments made against him for (1) income tax for the years of 1999, 2000, 2001, and 2002, and (2) civil penalties related to the 1999 tax period. At the time this suit was filed, Powell was the defendant in a criminal tax evasion matter pending

on this Court's docket. *United States v. Robert Steven Powell,* Crim. No. SA-17-CR-243-FB-1. This civil action was stayed pending conclusion of the criminal case [#8]. Powell was convicted of tax evasion, and the stay of this civil action was lifted on October 13, 2023 [#13].

The Government then filed a motion for summary judgment on all its claims [#22]. After Powell provided an original income tax return for the 1999 tax period in his response to the Government's motion for summary judgment, this action was administratively closed on May 31, 2024, to permit the parties to engage in further discovery [#38]. This case was administratively reopened on March 28, 2025 [#41]. The parties filed partial motions for summary judgment on September 23, 2025 [#46, #47].[1]

Through its motion, the Government seeks to reduce to judgment the civil penalty assessments for tax year 1999 made against Powell, plus interest thereon. In Powell's cross motion for partial summary judgment, he argues he is entitled to judgment as a matter of law on the affirmative defense of limitations as to the Government's claims to collect the 1999 through 2002 income tax assessments made against Powell. The Government argues that this action to collect on the 1999 through 2002 income tax assessments is not time-barred because Powell's Collection Due Process hearing request and subsequent appeals suspended the statute of limitations to bring this suit. Both parties have filed responses and replies. The motions are ripe for the Court's review.

## II. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

[1] The Government's previous motion for summary judgment was mooted by the subsequent filing of its Motion for Partial Summary Judgment. (Pl. Mot. Summ. J. [#46], at 3.)

moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174.

## III. Summary Judgment Record

The summary judgment record contains the following undisputed facts. Powell failed to file federal income tax returns for the 1999, 2000, 2001, and 2002 tax years. (Compl. [#1], at ¶ 7; Def. Mot. Summ. J. [#47], at 2.) For each of these years, the Internal Revenue Service ("IRS") determined Powell's federal income tax liabilities and issued notices of deficiency

pursuant to 26 U.S.C. § 6212(a). (Tax Court Decision, [#46-4], at 2.) Powell did not file a petition to challenge the notices of deficiency he received for the 1999, 2000, 2001, and 2002 tax years. (*Id.*) Thereafter, on July 19, 2004, a delegate of the Secretary of the Treasury assessed federal income taxes, penalties, and interest against Powell for tax year 1999. (Jackson Decl. [#46-1], at ¶ 4; Assessment Records [#46-14], at 2.) On October 11, 2004, a delegate of the Secretary of the Treasury assessed the same against Powell for tax years 2000, 2001, and 2002. (Jackson Decl. [#46-1], at ¶ 4; Assessment Records [#46-14], at 13, 22, 31.)

On October 12, 2005, the IRS sent Powell a Final Notice of Intent to Levy to enforce collection of his unpaid federal income tax liabilities for 1999 through 2002. (Assessment Records [#46-14], at 3, 14, 23, 32; Tax Court Decision [#46-4], at 2.) In response, Powell submitted a request for a Collection Due Process Hearing. (Tax Court Decision [#46-4], at 2.) The IRS received this request on November 15, 2005. (*Id.*) On August 11, 2006, the IRS issued a Notice of Determination in which it sustained its proposed levy. (*Id.* at 2-3.)

On September 11, 2006, Powell filed an appeal in the United States Tax Court seeking relief from the adverse notice of determination and sustained levy against him concerning his unpaid federal income tax liabilities for 1999 through 2002. (*Id.* at 3.) On November 14, 2008, the Commissioner of the IRS filed a Motion to Permit Levy in the Tax Court action. (Mot. to Permit Levy [#47-2], at 1.) The Tax Court granted the motion to permit levy pursuant to Section 6330(e)(2) of the Internal Revenue Code on February 4, 2009, and concluded that the levy action was not suspended. (Order and Order to Show Cause [#47-1], at 2.) On July 21, 2009, the Tax Court issued a memorandum opinion, finding that Powell's arguments in the Tax Court proceedings were frivolous and ordering him to pay a penalty of $25,000 pursuant to Section 6673(a)(1) because his conduct was "groundless and patently for the purposes of delay." (Tax

Court Decision [#46-4], at 3.) On July 28, 2009, the Tax Court entered its Final Order and Decision, in which it concluded that Powell was to pay the $25,000 penalty and that the IRS could proceed with the collection actions for the 1999 through 2002 tax years and civil penalty for 1999. (Final Order [#46-11].) The IRS assessed the $25,000 civil penalty against Powell on February 8, 2010. (Assessment Records [#46-2], at 3.)

Powell proceeded to appeal the Tax Court's Final Order and Decision. (Sixth Circuit Order [#46-5], at 1.) On December 7, 2010, the Sixth Circuit sustained the Tax Court's Final Order and imposed an additional sanction in the amount of $8,000 for filing a frivolous tax appeal. (*Id.* at 3.)[2] The IRS assessed the $8,000 civil penalty against Powell on November 7, 2011. (Assessment Records [#46-2], at 6.)

The IRS assessed an additional civil penalty of $5,000 against Powell on December 5, 2011, for his filing of an additional, frivolous Collection Due Process Hearing request. (*Id.*) As of September 22, 2025, Powell owed the IRS $74,309.85 in civil penalties plus interest for the 1999 tax year.[3] (Assessment Records [#46-2], at 10; Jackson Decl. [#46-1], at ¶ 7; DMI Interest Printout [#46-3].)

[2] In the Fifth Circuit, courts may take judicial notice of documents filed in other courts to establish the fact of litigation and related filings. *Taylor v. Charter Med. Corp.*, 162 F. 3d 827, 830 (5th Cir. 1998). The Sixth Circuit record reflects that Powell filed a petition for rehearing *en banc* on December 27, 2010. (Pet. for Rehearing, *Powell v. Cmm'r*, No. 09-2417 (6th Cir. Dec. 27, 2010), ECF No. 47.) The Sixth Circuit denied Powell's petition for rehearing *en banc* on May 3, 2011. (Order Denying Rehearing, *Powell v. Cmm'r*, No. 09-2417 (6th Cir. May 3, 2011), ECF No. 56.)

[3] The Government notes that an additional $500 civil penalty related to the 1999 tax year was assessed against Powell on September 8, 2003, for the filing of a frivolous tax return, but does not seek to reduce this specific penalty to judgment because the statute of limitations to do so expired before this suit was filed. (Mot. Summ. J. [#46], 3 n.1; Jackson Decl. [#46-1], at ¶ 7.)

## IV. Analysis

Both parties seek partial summary judgment on the issue of whether this suit is timely under the statutes of limitations for collection for tax years 1999-2002. While Powell asserts the affirmative defense of limitations, the Government argues this action is not time-barred because Powell's Collection Due Process request and subsequent appeals suspended the statute of limitations to bring this suit. The Government further seeks partial summary judgment to reduce to judgment the civil penalty assessments for tax year 1999 made against Powell, plus interest. The Government's motion for partial summary judgment should be granted and Powell's cross motion denied because the Government's claims are not time-barred and the Government is entitled to judgment on the issue of Powell's liability for civil penalties for the 1999 tax year.

### A. The statutes of limitations for collection for tax years 1999-2002 had not expired when the Government filed this suit.

Section 6502(a) of the Internal Revenue Code provides that the statute of limitations for collection through levy or judicial proceeding expires ten years after the date of assessment. 26 U.S.C. § 6502(a). The parties agree that the IRS made assessments against Powell for unpaid federal income taxes for the 1999 tax year on July 19, 2004. Without tolling, the statute of limitations would have expired on July 19, 2014. The parties also agree that the IRS made assessments against Powell for the 2000, 2001, and 2002 tax years on October 11, 2004. Without tolling, the statute of limitations for collection would have expired for these years on October 11, 2014.

Section 6330 of the Internal Revenue Code sets forth the requirements for notice and an opportunity for a Collection Due Process hearing ("CDP hearing") to discuss alternatives to enforced collection and dispute the amount the taxpayer owes before a levy is made. Subject to

exceptions not relevant in this case, this section provides the following with respect to suspending collections and the statute of limitations after a taxpayer requests a CDP hearing:

> **(1) In general.**--Except as provided in paragraph (2), if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 . . . shall be suspended for the period during which such hearing, and appeals therein, are pending. In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing . . .
>
> **(2) Levy upon appeal.**--Paragraph (1) shall not apply to a levy action while an appeal is pending if the underlying tax liability is not at issue in the appeal and the court determines that the Secretary has shown good cause not to suspend the levy.

26 U.S.C. § 6330(e)(1)-(2). Meanwhile, Section 6503 of the Internal Revenue Code provides that the periods of limitation for assessment and collection

> shall . . . . be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

26 U.S.C. § 6503(a)(1). The Section 6503 tolling provision applies during the period following the IRS's issuance of a notice of deficiency. *See Payne v. Comm'r*, 224 F.3d 415, 419-420 (5th Cir. 2000) (explaining that the three-year period to assess tax liabilities after a tax return is filed is tolled by the issuance of a statutory notice of deficiency).[4]

Both parties move for partial summary judgment on the issue of limitations. The Government contends that the statute of limitations for collection on these years was tolled from the date that Powell requested a CDP hearing until the conclusion of his Sixth Circuit appeal, or at least until 90 days after the Tax Court issued its Final Order and Decision, totaling 1,351 days plus 90 days under Section 6330(e)(1). Thus, argues the Government, the statute of limitations expired on June 24, 2018, for collection related to the 1999 tax year, and on September 11, 2018,

[4] The applicable regulations confirm that this provision applies to the period following the issuance of a statutory notice of deficiency. *See* 26 C.F.R. § 6503(a).

for the 2000-2002 tax years. This case was filed on June 20, 2018, meaning that if the Court adopts the Government's interpretation, this case was timely filed.

In his cross motion for partial summary judgment, Powell contends that the statute of limitations was only tolled until 60 days after the Tax Court issued its order granting the Government's motion to permit levy, totaling 1,177 plus 60 days under Section 6503(a). Powell therefore argues that the statute of limitations expired on December 7, 2017, for collection related to the 1999 tax year, and on March 1, 2018, for the 2000-2002 tax years. So, if Powell is correct, this lawsuit is time barred.

The Government's position is the correct one. For the following reasons, the Government is entitled to judgment as a matter of law on Powell's affirmative defense of limitations.

**i. The order granting the motion to permit levy did not terminate the suspension of the statute of limitations because Section 6330(e)(2) applies to levy actions, not the period of limitations.**

Powell argues that Section 6330(e)(2)'s plain language and applicable canons of construction support the conclusion that the Tax Court's order to permit levy, issued on February 4, 2009, terminated the suspension of (1) the levy action ***and*** (2) the running of the statute of limitations. The Government responds that this statutory provision's plain text and applicable canons of construction support the opposite conclusion: that (e)(2) terminates the suspension of levy actions, but does *not* terminate the tolling of the statute of limitations. The better reading of the statute is that (e)(2) only terminates the suspension of levy actions and does not affect the suspension of the limitations period.

Statutory interpretation begins and, if possible, ends with the plain language of the statute. *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 486-87 (5th Cir. 2013) (citing *In re Nowlin,* 576 F.3d 258, 261–62 (5th Cir. 2009)). When the language is plain, courts "must

enforce the statute's plain meaning, unless absurd." *In re Nowlin,* 576 F.3d at 261–62. Courts determine whether statutory language is plain or ambiguous "by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Handshoe*, 729 F.3d at 487 (quoting *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341 (1997)).

The plain language of (e)(2) supports the Government's position. This provision, titled "Levy upon appeal," does not include any reference to the suspension of the period of limitations. Instead, it states that (e)(1) "shall not apply to a levy action while an appeal is pending . . . ." 26 U.S.C. § 6330(e)(2). As the Government emphasizes, Powell's proffered "plain reading" is not based on the statute's plain language as it infers a consequence for the suspension of the limitations period even though the (e)(2) provision's title and language explicitly mention only levies and not limitations. In contrast to (e)(2), subsection (e)(1) specifically addresses both suspension of "the levy actions which are the subject of the requested hearing ***and*** the running of any period of limitations under section 6502." 26 U.S.C. § 6330(e)(1) (emphasis added). The Government's reading of (e)(2) therefore harmonizes[5] (e)(2) with other provisions of the statute, including (e)(1), and, unlike Powell's reading, avoids reading language into the statute that was omitted by Congress. *See Nat'l Ass'n of Priv. Fund Managers v. Sec. & Exch. Comm'n*, 103 F.4th 1097, 1111 (5th Cir. 2024) ("the words of a statute must be read in their context and with a view to their place in the overall statutory scheme"); *Wachovia Bank, Nat'l Ass'n v. Schmidt*, 546 U.S. 303, 316 (2006) (statutes addressing the same subject matter should be read "as if they were one law").

[5] Both parties invoke canons of construction to support their proposed constructions of the statutory language. Resort to the canons is unnecessary because the plain language here provides the answer. Notably, however, the canons invoked by the parties also support the Government's proposed construction of the statute.

The Oklahoma district court case cited by Powell does not persuade the undersigned to adopt Powell's construction either. According to Powell, an unpublished district court decision from outside the Fifth Circuit supports his argument that the Tax Court's grant of a motion to permit levy terminates the suspension of (i.e., restarts the running of) the statute of limitations, citing *United States v. Springer*, No. 08–CV–278–TCK–PJC, 2010 WL 830614 (N.D. Okla. Mar. 3, 2010). Of course, this Court is not bound by a district court decision from Oklahoma. But the case is also inapplicable. As the Government underscores, Powell misconstrues the holding of this case. Powell contends that the Oklahoma District Court calculated the termination of the tolling period from the date the Tax Court granted a motion to permit levy, but this is incorrect. The Oklahoma District Court calculated the end of tolling from when the Tax Court issued its Final Decision and Order. *See id.* at *11.

For the foregoing reasons, Powell has therefore failed to establish that the termination of the suspension of the statute of limitations should be calculated from the date the Tax Court entered its order granting the Government's motion to permit levy. Conversely, the Government has established that it has the better reading of (e)(2), and the suspension of the statute of limitation was not affected by the Tax Court's order to permit levy.

**ii. The statute of limitations was suspended through the conclusion of Powell's CDP appeal to the Sixth Circuit.**

The Government contends that the statute of limitations for collection on these years was tolled from the date that Powell requested a CDP hearing until the conclusion of his Sixth Circuit appeal, or at least until 90 days after the Tax Court issued its Final Order and Decision. Powell counters that the Government is not entitled to an additional 90 days beyond the Tax Court's Final Order and Decision because Section 6330(e)(1) is a "failsafe" provision that only applies if fewer than 90 days of the ten-year statute of limitations remained at the time Powell requested a

CDP hearing. The Court need not address whether the Government is entitled to an additional 90 days under (e)(1). Instead, the Court should find that the statute of limitations was tolled through the conclusion of Powell's Sixth Circuit appeal. If the tolling of the statute of limitations is properly calculated from this date, the Government's action will be timely irrespective of an additional 90 days or lack thereof.

Section 6330(e)(1) provides that if a CDP hearing is requested, the "levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502" shall be suspended "for the period during which such hearing, and ***appeals therein*, *are pending***." 26 U.S.C. § 6330(e)(1) (emphasis added). The Third Circuit has held that, as used in the tolling statute, "appeals therein" applies to "any appeals and petitions seeking review of a Collection Due Process hearing," including appeals to circuit courts and petitions for a writ of certiorari. *United States v. Weiss*, 52 F.4th 546, 552-53 (3d Cir. 2022). The Third Circuit further concluded that a CDP hearing or appeal therein is "pending" from its commencement "until the date when it can no longer be challenged." *Id.* at 553-54. The Third Circuit's interpretation of the statute comports with a common sense understanding of its plain language.

Here, the Sixth Circuit denied Powell's petition for rehearing *en banc* on May 3, 2011. Per Supreme Court Rule 13, Powell had 90 days to file a petition for a writ of certiorari from the date his petition for rehearing *en banc* was denied. Sup. Ct. R. 13(1)-(3). Therefore, Powell's deadline to challenge the CDP appeal expired on August 1, 2011. The statute of limitations was thus tolled from at least November 15, 2005, the day the IRS received Powell's request for a CDP hearing, until August 1, 2011—a total of 2,085 days. Adding this tolling period to the Government's original deadlines to file, the United States had until at least April 3, 2020, to commence judicial proceedings related to Powell's federal income taxes for the 1999 tax year,

and until June 26, 2020, to commence proceedings related to the 2000, 2001, and 2002 tax years. This action, filed on June 20, 2018, is therefore timely.

Although both parties attempt to analogize the situation here to the situation in *United States v. Springer* to support their limitations arguments, *Springer* is inapposite. No. 08–CV–278–TCK–PJC, 2010 WL 830614 (N.D. Okla. Mar. 3, 2010). In *Springer*, the taxpayer's underlying tax liabilities were not at issue on appeal; Springer had challenged the liabilities over two decades prior and lost. *Id.* at *11. The suspension of the limitations period was therefore calculated based on the date of the Tax Court's Final Order and Decision, which constituted a 6330(e)(2) court determination that the IRS showed good cause not to suspend the levy. *Id.* Both requirements of Section 6330(e)(2) were thus met, and the suspension period did not continue through the duration of Springer's appeals to the Tenth Circuit and Supreme Court. *Id.* In the case at hand, the record reflects that Powell's underlying tax liabilities *were* at issue on appeal, meaning the first requirement of Section 6330(e)(2) was not met.

In sum, the Court should adopt the Third Circuit's persuasive construction of "appeals therein" and conclude that the Government is entitled to partial summary judgment on Powell's affirmative defense of limitations.

**B. The civil penalties for the 1999 tax year and interest thereon should be reduced to judgment.**

The Government seeks to reduce to judgment civil penalties assessed against Powell for the 1999 tax year as well as interest thereon. These penalties include a $25,000 penalty assessed on February 8, 2010; an $8,000 penalty assessed on November 7, 2011; and a $5,000 penalty assessed on December 5, 2011. Powell does not challenge the IRS's assessment of the $25,000 or $8,000 penalties nor the Government's calculation of interest accrued on these penalties, but disputes that he received the required notice and opportunity to challenge the assessment of the

$5,000 penalty. Powell further argues there is a fact issue for trial as to whether the civil penalty assessments for the 1999 tax year and interest thereon have been satisfied by the Government's collection of nearly $130,000 from a judicial foreclosure sale and by other payments already made by Powell. For the following reasons, the Government is entitled to judgment as a matter of law on the civil penalties assessed against Powell for the 1999 tax year and interest thereon, and the Court should reduce these penalties plus interest to judgment.

**i. There is no genuine dispute of material fact as to the validity of the 1999 civil penalty assessments or the notice provided to Powell.**

As explained above, only the $5,000 penalty assessed against Powell on December 5, 2011, for filing a frivolous CDP hearing request is in dispute. Pursuant to Section 6702(b) of the Internal Revenue Code, a taxpayer who submits a frivolous CDP hearing request may avoid the assessment of a $5,000 civil penalty by withdrawing the submission within 30 days of receiving notice from the IRS that the submission was found frivolous. 26 U.S.C. § 6702(b)(3). If the summary record of assessment is supported through a Form 4340, the assessment contained in that record is presumptively valid. *Stallard v. United States*, 12 F.3d 489, 493 (5th Cir. 1994). The taxpayer must produce contrary evidence to rebut this presumption of validity. *Id.*

Powell contends that the $5,000 penalty was assessed against him related to his request for a CDP hearing in November 2005, and that the Government has produced no competent evidence that the IRS (1) provided him with written notice of a determination that any CDP hearing request was frivolous, or (2) provided him the 30 days required by statute to withdraw or correct the submission. The Government replies that this penalty was assessed against Powell for a request filed on December 31, 2010—not for the initial CDP hearing request filed in 2005.

The Government has established there is no genuine dispute of material fact on this issue. The Form 4340 submitted by the Government in its motion for partial summary judgment

reflects that a request for a CDP hearing was received on December 31, 2010, and that the $5,000 penalty was assessed against Powell on December 5, 2011. (Assessment Records [#46-2], at 5-6.) The Government also identifies transcripts of internal IRS records showing that the agency determined that the December 31 CDP hearing request was frivolous; that Powell received notice of the IRS's intent to assess a $5,000 penalty against him; and that the IRS issued Powell a letter soliciting his withdrawal of the frivolous request, to which Powell responded.[6] Powell has produced no contrary evidence to rebut the presumption of validity of the summary record of assessments made against him by the IRS, nor has he identified any genuine dispute of fact as to the issue of notice required by Section 6702(b).

**ii. There is no genuine dispute of material fact as to whether the 1999 civil penalties have been satisfied by previous payments.**

Finally, Powell argues there is a fact issue as to whether the civil penalties assessed against him for the 1999 tax year and interest thereon have already been satisfied by proceeds from a judicial foreclosure sale of a property co-owned by Powell. Powell asserts that the payments made towards his 1999 income tax liability have already exceeded what he expects to be his "corrected income tax assessment," and that the satisfaction of civil penalties has yet to be reflected in his tax records because the IRS "has yet to process" a Form 1040 for the 1999 tax year that he submitted in 2024. Powell fails to demonstrate a genuine issue of fact to defeat the Government's motion for partial summary judgment.

When money is seized from a taxpayer involuntarily by levy or judicial proceeding, the proceeds "shall be applied" to the expenses of the levy, any specific tax applicable to the seized property, or "against the liability in respect of which the levy was made." *Melasky v. Comm'r*, 803 F. App'x 732, 737 (5th Cir. 2020) (quoting 26 U.S.C. § 6342(a)). The IRS therefore has

[6] This evidence was attached as exhibits to the Government's reply [#56-1, #56-2]. Powell has not objected to the Court's consideration of this evidence.

discretion to apply the proceeds to the tax years to which the levy applied. *Id.* As the Government explains in its response, the Government thus has discretion to apply the funds from the judicial foreclosure sale to Powell's income tax liabilities from the other tax years to which the levy applied.[7]

The summary-judgment evidence contains a Form 4340 produced by the Government for the 1999 tax year, which reflects an outstanding civil penalty balance of $38,672. (Assessment Records [#46-2], at 10.) In response, Powell relies on a printout of his IRS account transcript corresponding to the 1999 tax year to argue there is a genuine dispute of fact as to whether the 1999 civil penalties have already been satisfied by the $129,271.68 disbursed to the Government from the judicial foreclosure sale. (Account Transcript [#54-1], at 4.) This argument goes to the issue of Powell's income tax liability for 1999, which is not before the Court in resolving the Government's motion for partial summary judgment on the issue of Powell's liability for civil *penalties*.[8]

As discussed above, the IRS has discretion to apply the proceeds from the judicial foreclosure sale to the tax years to which the levy applied. *Melasky*, 803 F. App'x at 737. Even if the proceeds from the judicial foreclosure sale were to satisfy Powell's 1999 income tax liability, the Government would have discretion to apply excess proceeds to the other tax years to

---

[7] The record from the Northern District of Mississippi judicial foreclosure proceedings reflects that the levy applied to Powell's "unpaid income tax liabilities for the 1999, 2000, 2001 and 2002 tax years and 1999 civil penalty." Order Granting Mot. to Confirm Sale and Disburse Funds, *United States v. Powell*, No. 2:12-cv-00110-SA-JMV (N.D. Miss. Nov. 1, 2023), ECF No. 110.

[8] The Government does not seek to reduce the disputed 1999 income tax ***liability*** amount to judgment through its motion for partial summary judgment. (Pl. Mot. Summ. J. [#46], at 7.) In turn, Powell informs the Court that the parties are "working together" to file a stipulation regarding Powell's "actual total income tax liability for 1999," including adjustments and abatements. (Resp. [#54], at 6.)

which the levy applied. And, as the Government replies, Powell "would receive all appropriate credit for interest under the law" if any excess proceeds were applied to satisfy Powell's 1999 civil penalties. (Rep. [#56], at 9 n.2.) Identifying the proceeds from the judicial foreclosure sale therefore does not establish a genuine issue of fact as to whether the proceeds satisfied the 1999 civil penalties in light of the summary-judgment evidence—namely, the Form 4340 produced by the Government for the 1999 tax year, which reflects an outstanding civil penalty balance of $38,672. (Assessment Records [#46-2], at 10.) As a result, Powell has failed to produce contrary evidence to rebut the presumptive validity of the IRS's assessment of civil penalties for the 1999 tax year. *See Stallard*, 12 F.3d at 493. And Powell does not dispute the Government's calculation of interest accrued on this balance. The Court should therefore reduce the civil penalties for 1999 and interest thereon to judgment.

## V. Conclusion and Recommendation

Having considered the parties' motions, responses and replies, the governing law, and summary-judgment record, the undersigned **RECOMMENDS** that Plaintiff's Motion for Partial Summary Judgment [#46] be **GRANTED** and Defendant's Motion for Partial Summary Judgment [#47] be **DENIED**. The Court should therefore find that the Government's claims are not barred by the applicable statutes of limitations and that the Government is entitled to judgment on the issue of Powell's liability for civil penalties for the 1999 tax year.

## VI. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this Report and Recommendation

must be filed **within fourteen (14) days** after being served with a copy of same, unless this deadline is modified by the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the presiding District Judge's standing orders or other Court order. *See* W.D. Tex. Local Rule CV-7. The objecting party shall file the objections with the Clerk of the Court and serve the objections on all other parties.

A party is entitled to a *de novo* review by the District Judge of the findings and conclusions contained in this Report and Recommendation, only if specific objections are made. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the default time to file objections from 10 to 14 days). An objecting party must therefore specifically identify those findings, conclusions, or recommendations to which objections are made, as well as the basis for all such objections; the District Judge need not consider frivolous, conclusory, or general objections. *Id*. Failure to timely file written, specific objections to any proposed findings, conclusions, or recommendations contained in this Report and Recommendation will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the District Judge, except on grounds of plain error, given that the party is here provided notice that such consequences will result from a failure to object. *See* 28 U.S.C. § 636(b)(1)(C); *Douglass*, 79 F.3d at 1417. Finally, facts or legal arguments raised for the first time in objections to a Magistrate Judge's findings, conclusions, and recommendations are "not properly before the district court." *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("[The Fifth Circuit] considers arguments forfeited if they are not raised before a magistrate judge, even if

they are subsequently raised before the reviewing district [judge] in objections to the magistrate judge's report and recommendation.").

SIGNED this 26th day of August, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE